UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17CV-00042-GNS

SHENA SELBY, a disabled person, by her
Mother and Guardian, MOLLIE SELBY                                          PLAINTIFF

VS.

KMART CORPORATION                                                          DEFENDANT

## MEMORANDUM OPINION
## AND ORDER

Before the Court is Defendant Kmart Corporation's motion, pursuant to Fed. R. Civ. P. 26(a) and 37, to strike Plaintiff's expert witness disclosures and to exclude her expert witnesses (DN 16). Plaintiff Shena Selby has filed a response (DN 18), and Kmart has filed a reply (DN 20). The matter stands submitted to the undersigned for ruling.

Procedural History and Nature of the Motion

This is a personal injury action that arises out of an accident on September 22, 2016 (DN 1-1 PageID # 4). Selby, a customer and business invitee, apparently tripped and fell while in the parking lot of Kmart's store in Russell Springs, Russell County, Kentucky (DN 1-1 PageID # 4; DN 15 PageID # 55). Selby originally filed this action in the Russell Circuit Court on January 30, 2017 (DN 1-1 PageID # 4). Kmart subsequently removed the action to this Court (DN 1).

In compliance with the District Judge's order (DN 6), counsel for the parties conducted a planning meeting and submitted a joint proposed litigation plan (DN 8). On April 11, 2017, the undersigned conducted a Rule 16 scheduling conference with counsel for the parties (DN 9). In pertinent part the scheduling order reads as follows:

> No later than November 1, 2017, counsel for the Plaintiff shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and

> shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B).

(DN 9 PageID # 35).

On November 1, 2017, Selby submitted her expert witness disclosures (DN 15). In the first enumerated paragraph, Selby makes a general assertion that "any physician(s)" who have rendered treatment regarding her claim of personal injuries "will testify consistent with their medical records"(DN 15 PageID # 54). However, with the exception of Dr. Barret H. Lessenberry, Selby does not identify any physicians (Id.). Instead she identified the following seven entities: Lifeline Health Care of Russell Springs, T. J. Sampson Community Hospital, Baron Metcalf EMS, Russell County EMS, Russell County Hospital, Anesthesiology Associates of Glasgow, and Adair Family Medical Center (Id.). The final sentences in this paragraph read as follows:

> Specifically, Dr. Lessenberry will give testimony regarding his care and treatment of the Plaintiff, as it relates to the injury complained of herein. Dr. Lessenberry will give testimony regarding the permanent impairment of the Plaintiff as a result of the injury complained of herein. Dr. Lessenberry will also offer testimony as a fact witness at trial.

(Id.).

In the second enumerated paragraph, Selby identifies John Schorering, a professional engineer, and provides his address (Id.). The final sentences of this paragraph state:

> Mr. Schorering will offer testimony regarding the unsafe curb and entrance of the Defendant. Specifically, that the curb and sidewalk was constructed and maintained in such a manner that it caused Ms. Selby to trip and fall, as complained of herein. Mr. Schorering has agreed to give said testimony but has yet to be formally retained or employed but will provide a written report once it is completed. Undersigned agrees to supplement this disclosure with written report once it becomes available.

(Id.). The remaining enumerated paragraphs read as follows:

>   (3)   Any expert witness identified by any other party.
>
>   (4)   Any expert whom it may be necessary to call to rebut the testimony of any other party and/or witness.
>
>   (5)   The Plaintiffs reserves [sic] the right to amend these disclosures.

(Id. PageID # 54-55).

On November 6, 2017, Kmart moved to strike Selby's expert disclosures and to exclude any expert testimony from Dr. Lessenberry, the seven entities mentioned above, and Mr. Schorering (DN 16). Selby filed her response (DN 18) and Kmart filed its reply (DN 20).

## The Parties' Arguments

Citing paragraph No. 2 of the scheduling order and Rule 26(a)(2)(B), Kmart argues that Selby's disclosure of Mr. Schorering should be stricken and this retained expert witness should be excluded from testifying because Selby did not timely provide a written report prepared and signed by Mr. Schorering (DN 16 PageID # 57-59). Kmart contends that Selby's disclosure of seven entities, rather than specific individuals, should be stricken and treating individuals with those entities should be excluded from testifying because Selby failed to comply with the basic requirement of identifying witnesses under Rule 26(a)(2)(A) (Id. PageID # 59). Kmart asserts that Selby's disclosure of Dr. Lessenberry should be stricken and this treating physician should be excluded from rendering an opinion about the alleged permanent impairment of Selby as a result of her injury because Selby failed to timely provide a written report prepared and signed by Dr. Lessenberry as required by the scheduling order and Rule 26(a)(2)(B) (Id. PageID # 59-61). In the event that the Court decides not to strike or exclude Selby's expert witnesses and instead permits her to supplement the disclosures, Kmart requests, in the alternative, that it's

3

deadline in the scheduling order be extended (Id. PageID # 61). Specifically, Kmart requests a period of 30 days from the date of receipt of Selby's complete and compliant disclosures in which to file its own disclosures (Id.).

Selby explains that although Mr. Schorering has agreed to give testimony he has yet to be retained or employed by her (DN 18 PageID # 72-73). For this reason, Selby believes that Rule 26(a)(2)(C) applies and that she has fully complied with its requirements because she identified Mr. Schorering and provided the subject matter on which he is expected to present evidence and a summary of the facts and opinions to which he is expected to testify (Id.). Selby asserts that her disclosure of Dr. Lessenberry complies with Rule 26(a)(2)(C) because his testimony will pertain to treatment of Selby and "his personal observations of [Selby] and the differences and impairments she sustained from the complained accident" (Id. PageID # 73-75). Selby did not respond to Kmart's argument that her identification of the seven entities, instead of individuals, does not comply with Rule 26(a)(2)(A) (Id. PageID # 71-75).

In reply, Kmart asserts that Selby should not be allowed to circumvent, for an indeterminate period of time, her obligations under Rule 26(a)(2)(B) and paragraph No. 2 in the scheduling order by asserting that she has yet to formally retain or employ Mr. Schorering as an expert witness (DN 20 PageID # 78-79). Alternatively, Kmart asserts that if the Court concludes that no written report was required under Rule 26(a)(2)(B) then the Court should find that Selby's disclosure was insufficient under Rule 26(a)(2)(C) (Id.). Kmart contends that without Mr. Schorering's report, or generally compliant expert disclosures, it is prejudiced by its inability to secure rebuttal expert proof (Id.). With regard to Dr. Lessenberry, Kmart points out that his treatment records do not indicate that he reached an opinion concerning causation during the course of treatment (Id.). For this reason, Kmart believes that Dr. Lessenberry's opinion on

4

causation is being rendered in anticipation of litigation, and, therefore, a written report must be filed under Rule 26(a)(2)(B) (Id.). Alternatively, Kmart requests that the Court impose a 30-day deadline for Selby to bring her expert witness disclosures into compliance and submit any necessary expert reports, and to grant Kmart an extension of 30 days thereafter to submit its rebuttal expert disclosures (Id.).

Analysis

The information set forth in Selby's expert witness disclosures (DN 15) and her response to the pending motion (DN 18) suggest that instead of attempting to comply with her November 1, 2017 deadline in the scheduling order (DN 9), she should have filed a motion for an extension of her expert witness disclosure deadline under Fed. R. Civ. P. 16(b)(4), which provides that a schedule "may be modified only for good cause and with the judge's consent."[1] However, Selby did not file such a motion. Consequently, the matter before the undersigned is not one for modification of the scheduling order under Rule 16(b)(4). Instead, the matter before the undersigned is whether Selby's expert witness disclosures complied with Rule 26(a)(2)(A), (B), and (C), and, if they do not, whether, under Rule 37(c)(1), her disclosures should be stricken and the proposed expert testimony excluded.

A

Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Judge has referred this case to the undersigned magistrate judge for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues (DN 5). Kmart has moved to strike Selby's expert witness disclosures

---

[1] "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citations and internal quotation marks omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." Id. (citation omitted).

and to exclude her expert witnesses because she failed to comply with Rule 26(a)(2) and the scheduling order (DN 16). Case law indicates that resolution of such motions is within the ambit of Section 636(b)(1)(A). Torres-Negron v. Rivera, No. 02-1728(HL) & 02-1729(HL), 2005 WL 1308675, at *2, 2005 U.S. Dist. LEXIS 41289, at *7 (D.P.R. May 18, 2005); *see also* Hawkins v. The Waynesburg College, No. 07-5, 2007 WL 2119223, at *1, 2007 U.S. Dist. LEXIS 52627, at *1–2 (W.D. Penn. July 20, 2007); Continental Cas. Co. v. Compass Bank, No. 04-0766-KDC-C, 2006 U.S. Dist. LEXIS 13000, at *13–15 (S.D. Ala. Mar. 6, 2006). Therefore, the undersigned has the authority to rule on Kmart's motion.

B

Pursuant to the Federal Rules of Civil Procedure, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2) divides experts into two categories with different reporting requirements. If the witness is retained or specially employed to provide the expert testimony, then a party's expert witness disclosure "must be accompanied by a written report" that is prepared and signed by the witness and contains the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> > (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). If, however, the expert witness is not required to provide a written report, then a party's disclosure must include the following information:

> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> > (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). The Advisory Committee's Note to the 2010 Amendment to Rule 26 indicates that such witnesses would "include physicians or other healthcare professionals and employees of a party who do not regularly provide expert testimony." Notably, Rule 26 directs that a party "must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

The second enumerated paragraph in the scheduling order directed that Selby "shall" make her Rule 26(a)(2)(A) disclosures by "[n]o later than **November 1, 2017**" (DN 9 PageID # 35). Selby's disclosure of Dr. Lessenberry and Mr. Schorering complied with Rule 26(a)(2)(A) and the scheduling order because she revealed their names and business addresses on November 1, 2017 (DN 15). By contrast, Selby's disclosure of Lifeline Health Care of Russell Springs, T. J. Sampson Community Hospital, Baron Metcalf EMS, Russell County EMS, Russell County Hospital, Anesthesiology Associates of Glasgow, and Adair Family Medical Center, along with their business addresses, did not comply with Rule 26(a)(2)(A) the scheduling order as Selby failed to timely identify the individuals who will provide expert testimony on behalf of these entities.

The second enumerated paragraph in the Court's scheduling order also directed that Selby "shall submit" the Rule 26(a)(2)(B) written reports prepared by her retained or specially employed expert witnesses by "[n]o later than November 1, 2017" (DN 9 PageID # 35). With regard to Dr. Lessenberry, it is the substance of his testimony, not his status as a treating physician, that will determine whether a Rule 26(a)(2)(B) report will be required or whether a Rule 26(a)(2)(C) disclosure will suffice. *See* Avendt v. Covidien Inc., 314 F.R.D. 547, 556-57 (E.D. Mich. 2016) (citations omitted). More specifically, a Rule 26(a)(2)(C) disclosure will suffice as to Dr. Lessenberry's opinions pertaining to the diagnosis and treatment of Selby and what he learned from her records up to and including that treatment, but a Rule 26(a)(2)(B) report will be required as to any opinions that he formed outside the scope of her diagnosis and treatment. Avendt, 314 F.R.D. at 557-59 (citations omitted). Thus, Dr. Lessenberry would need to prepare and sign a Rule 26(a)(2)(B) report for opinions on the cause and permanency of Selby's injury if he did not make those determinations in the course of providing treatment. *See* Id. (citations omitted); Meyers v. Nat'l R.R. Passenger Corp., 619 F. 3d 728, 734-35 (7th Cir. 2010) (a treating physician who offered to provide expert testimony as to the cause of the plaintiff's injury was required to submit an expert report in accordance with Rule 26(a)(2)(B) because he did not make that determination in the course of providing treatment).

Kmart asserts that Dr. Lessenberry's records do not indicate that he formulated his opinions on causation and permanency while treating Selby (DN 16 PageID # 60). For this reason, Kmart believes that Dr. Lessenberry's opinions on those issues would fall within the report requirement in Rule 26(a)(2)(B) (Id.). Citing Roberts v. Solideal Tire, Inc., No. 06-14-DLB, 2007 U.S. Dist. LEXIS 2873 (E.D. Ky., Jan. 11, 2007), Selby makes a general assertion

8

that courts within this circuit allow treating physicians to testify as to causation because it is an essential element of the care and treatment given to the patient (DN 18 PageID # 74).

Selby's reliance on Roberts is misplaced. In pertinent part Roberts reads, "[a]lthough treating physicians are permitted to testify solely within the scope of their own diagnosis and treatment, compliance with Rule 26(a)(2) is required to the extent those physicians attempt to render expert opinions concerning causation or otherwise in anticipation of litigation." Roberts, 2007 U.S. Dist. LEXIS 2873, at*4. Further, Selby has not presented any evidence showing that Dr. Lessenberry formulated his opinions on causation and permanency while treating her injury (DN 18). Therefore, the report requirement in subsection (B) applies to Dr. Lessenbery's opinions on causation and permanency, and Selby failed to timely submit the written report.

With regard to Mr. Schorering, Selby argues that subsection C, as opposed to subsection B, of Rule 26(a)(2) applies because Mr. Schorering has yet to be formerly retained or employed by her (DN 18 PageID # 73). Her argument, however, ignores an abundance of case law indicating that if the witness is not retained or specially employed, courts must consider the scope, substance, and source of the intended testimony in determining whether the report requirement in subsection (B) applies to the witness' opinions. *See e.g.*, Fielden v. CSX Transp., Inc., 482 F. 3d 866, 871 (6th Cir. 2007); Ulbrick v. UPR Products, Inc., No. 08-13764, 2011 WL 500034, at *4 (E.D. Mich. Feb. 8, 2011); Bekaert Corp. v. City of Dyersburg, 256 F.R.D. 573 (W.D. Tenn. 2009)). For example, in Ulbrick, the district court held that a non-specially retained expert mechanic's opinions fell under subsection B, not C, of Rule 26(a)(2) as he formed his opinions, not in an attempt to repair the vehicle, but to determine the cause of the accident, and his opinions were formed, not as a result of witnessing the accident, but "as a result of a process that any expert would undertake; namely, an 'after-the-fact' examination of the vehicle in

question." Id. Here, although Mr. Schorering has yet to be retained, his expert opinions fall under subsection B, not C, of Rule 26(a)(2) because he formed his opinions, not in an attempt to make repairs, but to determine the cause of Selby's accident, and his opinions were formed, not as a result of witnessing the accident, but as a result of conducting an after-the-fact examination of the curb and entrance to the store in question. Therefore, the report requirement in subsection (B) applies to Mr. Schorering's opinions, and Selby failed to timely submit the written report.

In sum, Selby failed to timely: (1) identify the expert witnesses who will testify on behalf of the seven entities revealed in her Rule 26(a)(2)(A) disclosures[2]; and (2) file the required Rule 26(a)(2)(B) reports from Dr. Lessenberry and Mr. Schorering. Therefore, the undersigned must now address whether to sanction Selby under Rule 37(c)(1) for her failures.

C

In pertinent part Rule 37 provides as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Thus, the exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless the noncompliant party establishes that the ommission was substantially justified or harmless. See Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C., 388 F.3d 976, 983 (6th Cir. 2004); Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003); Estate of Lanham v. Springfield Nursing & Rehab. Ctr., No. 3:15-CV-00379-TBR, 2017 WL 4012965, at *2 (W.D. Ky. Sept. 12, 2017); Avendt, 314 F.R.D. at 559.

---

[2] The seven entities are Lifeline Health Care of Russell Springs, T. J. Sampson Community Hospital, Baron Metcalf EMS, Russell County EMS, Russell County Hospital, Anesthesiology Associates of Glasgow, and Adair Family Medical Center.

The two exceptions in Rule 37(c)(1) are intended to prevent an unduly harsh penalty that may result from an inflexible application of the Rule. Transclean Corp. v. Bridgewood Servs., 101 F. Supp. 2d 788, 795 (D. Minn. 2000) (citations omitted). Some courts have considered the following factors when assessing the substantiality of a proffered justification for the failure to disclose and the harmlessness of that failure:

> 1) the importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the potential prejudice that would arise from allowing the material to be used at Trial, or on a Motion; and, 4) the availability of a continuance to cure such prejudice.

Id. at 795-96 (citations omitted). The Sixth Circuit and district courts within the Circuit have concluded from the Advisory Committee's note to Rule 37(c) that "'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." Sommer v. Davis, 317 F. 3d 686, 692 (6th Cir.), *cert. denied*, 540 U.S. 824 (2003) (internal citations and quotation marks omitted); Estate of Lanham, 2017 WL 4012965, at *2; Blair v. GEICO Gen. Ins. Co., 917 F.Supp.2d 647, 656 (E.D. Ky. 2013). An "honest mistake" means an absence of bad faith or an attempt to conceal information. Dennis v. Sherman, No. 1:08-cv-1055-JDB-egb, 2010 WL 1957236, at *2 (W.D. Tenn. May 12, 2010). "Sufficient knowledge" means that opposing counsel knows "who [is] going to testify and to what they [are] going to testify." Roberts, 325 F.3d at 783 (citations omitted).

While Selby's partial compliance with her obligations under Rules 26(a)(2)(A), (B), and (C) has provided Kmart with some information, the undersigned cannot say with any degree of certainty that Kmart's counsel knows who is going to testify on behalf of the seven entities and to what those witnesses, Dr. Lessenberry, and Mr. Schorering are going to testify. Therefore, Kmart will be prejudiced as a result of Selby's failure to fully comply with her obligations under

Rule 26(a)(2). However, the circumstances suggest that Selby's failure to comply with her obligations under Rule 26(a)(2) may have been motivated by a misguided attempt to timely comply with the scheduling order deadline, rather than bad faith or an attempt to conceal information from Kmart. Further, the prejudice to Kmart can be alleviated if Selby successfully moves for an extension of her expert witness disclosure deadline in the current scheduling order, and Selby complies with her obligations under Rules 26(a)(2)(A), (B), and (C).

For the reasons set forth above, the undersigned concludes that Kmart's motion should be granted, without prejudice to Selby's option to file a motion, under Fed. R. Civ. P. 16(b)(4), to extend her expert witness disclosure deadline in the current scheduling order.

ORDER

**IT IS HEREBY ORDERED** that Kmart's motion to strike Selby's expert witness disclosures and to exclude her expert witnesses (DN 16) is **GRANTED**, without prejudice to Selby pursuing a motion to modify the current scheduling order under Fed. R. Civ. P. 16(b)(4)**.**

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to strike Selby's expert witness disclosures at DN 15.

Copies to:     Counsel of Record